Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CARLOS NOE GARCIA and VICENTE SUAZO GARCIA, on behalf of themselves, and others similarly situated, | Case No. 17 Civ. 2391 |
| Plaintiffs, | **COMPLAINT** |
| -against- | ECF Case |
| GREEN ISLE CONTRACTING, INC., and DESMOND COSTELLO, | |
| Defendants. | |

---

Plaintiffs, Carlos Noe Garcia and Vicente Suazo Garcia (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Green Isle Contracting, Inc., and Desmond Costello, (collectively, "the Defendants"), and state as follows:

**INTRODUCTION**

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5. Plaintiffs are adult residents of Nassau County, New York.

6. Upon information and belief, Defendant, Green Isle Contracting, Inc., is a domestic business corporation, organized and existing under the laws of the State of New York, with a principal place of business at 36 Cherry Lane, Floral Park, New York 11001.

7. Upon information and belief, Defendant, Desmond Costello, is an owner, officer, director and/or managing agent of Green Isle Contracting, Inc., whose address is unknown at this time, and who participated in the day-to-day operations of Green Isle Contracting, Inc., and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. §

791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Green Isle Contracting, Inc.

8. Plaintiff, Carlos Noe Garcia, was employed by Defendants in Nassau County, New York, to work as a construction worker, from in or around 2005, until approximately February 16, 2017.

9. Plaintiff, Vicente Suazo Garcia, was employed by Defendants in Nassau County, New York, to work as a construction worker, from in or around December 2016, until approximately February 16, 2017.

10. At all relevant times, Green Isle Contracting, Inc. was, and continues to be, an "enterprises engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs was directly essential to the general contracting business operated by Green Isle Contracting, Inc.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

13. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

14. In or about 2005, Plaintiff, Carlos Noe Garcia, was hired by Defendants to work as a construction person / laborer for Defendants' contracting business located at 36 Cherry Lane, Floral Park, New York 11001.

15. Plaintiff, Carlos Noe Garcia, worked for the Defendants until on or about February 16, 2017, when he was terminated because he participated in a scheduled day of

organized protests against certain immigration policies proposed by President Donald Trump.

16. During Carlos Noe Garcia's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift generally consisted of twelve (12) hours each day, for a total of seventy-two (72) working hours each week.

17. Plaintiff Carlos Noe Garcia was not paid overtime compensation. Plaintiff Carlos Noe Garcia was paid a fixed wage of one hundred fifty dollars ($150.00) per day, increased to one hundred sixty dollars ($160.00) per day in 2016; and he worked approximately seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half his regular rate as required by state and federal law.

18. In or about December 2016, Plaintiff, Vicente Suazo Garcia, was hired by Defendants to work as a construction person / laborer for Defendants' contracting business located at 36 Cherry Lane, Floral Park, New York 11001.

19. Plaintiff, Vicente Suazo Garcia, worked for the Defendants until on or about February 16, 2017, when he was terminated because he participated in a scheduled day of organized protests against certain immigration policies proposed by President Donald Trump.

20. During Vicente Suazo Garcia's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift generally consisted of twelve (12) hours each day, for a total of seventy-two (72) working hours each week.

21. Plaintiff Carlos Noe Garcia was not paid overtime compensation. Plaintiff Carlos Noe Garcia was paid a fixed wage of one hundred fifty dollars ($150.00) per day; and he worked approximately seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half his regular rate as required by state and federal law.

22. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

23. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

24. Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

25. Defendant, Desmond Costello, is an individual who, upon information and belief, owns the stock of Green Isle Contracting, Inc., owns Green Isle Contracting, Inc., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

26. Defendant Desmond Costello exercised control over the terms and conditions of his Plaintiff's employment, in that he has and has had had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work

schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

27. Defendants did not provide Plaintiffs and all other similarly situated employees, with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

28. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked, and to avoid paying them for (1) their full hours worked; and (2) overtime due.

29. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

## STATEMENT OF CLAIM

### COUNT I
**[Violation of the Fair Labor Standards Act]**

30. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "29" of this Complaint as if fully set forth herein.

31. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

33. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

34. Plaintiffs, Carlos Noe Garcia and Vicente Suazo Garcia, were entitled to be paid at the rate of time and one-half their regular rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

35. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

36. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

37. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiffs.

38. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

39. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the

Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

43. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

44. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

45. At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

46. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

47. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys'

fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

50. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

51. Plaintiffs were not provided with a proper, written wage notice, as required by law.

52. Plaintiffs were paid cash, and not provided with a wage statement as required by law.

53. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

9

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, Carlos Noe Garcia and Vicente Suazo Garcia, on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages overtime due under the FLSA and New York Labor Law;

(b) An award of liquidated damages as a result of defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages and statutory penalties as a result of defendants' failure to pay wages and overtime compensation, pursuant to the New York Labor Law;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(f) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
April 21, 2017

Respectfully submitted,

By: _____
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102
pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Carlos Noe Garcia_, am an employee currently or formerly employed by _Isle Contracting Inc._, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_2/24_, 2017

*Carlos Noe Garcia*

# CONSENT TO SUE UNDER
# FAIR LABOR STANDARDS ACT

I, __Vicente Suazo__, am an employee currently or formerly employed by __Green Isle Contracting__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__2/24__, 2017

*Vicente Suazo Garcia*